IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| RUBY LUCAS,<br>    Plaintiff,<br><br>VS.<br><br>NATIONAL ASSET MANAGEMENT<br>ENTERPRISES, INC. and LAW OFFICES OF<br>GERALD E. MOORE & ASSOCIATES, P.C.,<br>    Defendants. | Civil Action No. 2:04-CV-00087-APR |

**FINAL JUDGMENT APPROVING CLASS ACTION SETTLEMENT
AND PAYMENT OF ATTORNEYS' FEES TO CLASS COUNSEL**

This cause comes before the Court for final approval of the Class Action Settlement Agreement and for Dismissal of this action pursuant to the terms of the Class Action Settlement Agreement, due notice to the Class having been given pursuant to the Court's order of February 1, 2005.

The parties appeared through their respective attorneys of record and announced ready to proceed, and the Court conducted a final fairness hearing on the proposed class settlement as contemplated by Fed. R. Civ. P. 23.

THE COURT HEREBY FINDS THAT:

1. The parties entered into a Class Action Settlement Agreement ("Settlement Agreement") dated as of January 20, 2005.

2. By Order dated February 1, 2005, the Settlement Agreement was preliminarily approved by the Court, pursuant to Fed. R. Civ. P. 23, and this Court certified the settlement class, consisting of: all individuals in the State of Indiana who, during the Class Period:

 a. were sent a letter from Defendant Law Offices of Gerald E. Moore & Associates, P.C.;

 b. containing the disclosures mandated by 15 U.S.C. § 1692g(a) or 1692e(11);

 c. in substantially the form of such disclosures in <u>Exhibit A</u> to Plaintiff's Complaint in this case; and

 d. whose letter was not returned as undeliverable by the Postal Service.

However, the Settlement Class excludes: any consumer who would meet the class definition but who has previously settled a claim against Defendants during the class period.

 3. The Complaint in this action alleges that Defendants violated the Fair Debt Collection Practices Act. Defendants deny Plaintiff's allegations and assert, *inter alia*, that their conduct was not in violation of the Act. The settlement does not constitute an admission of liability by Defendants, and the Court expressly does not make any finding of liability or wrongdoing by Defendants.

 4. On February 1, 2005, after consideration of the evidence, the papers filed in the above-referenced cause and the argument of counsel, the Court made a preliminary determination that: (i) the proposed settlement class was potentially certifiable under Fed. R. Civ. P. 23(b)(3); and (ii) the proposed settlement of the claims of the class against Defendants appeared to be fair, adequate, and reasonable, and therefore, within the range of approval.

 5. The Notice that was approved by the Court and mailed to the members of the Class gave fair, adequate, and reasonable notice to the members of the Class of the nature of this action, the potential liability of Defendants, Defendants' defenses, the terms of the settlement, the proposed payment to the Class, the proposed payment to the Class Representative, the

proposed payment to Class Counsel, the method by which they could submit claims, the method by which they could opt out, and the method by which they could object to the Settlement.

6. Pursuant to the provisions of the Settlement Agreement and the preliminary approval order, the Class Notice was mailed by Defendant to all 4,227 members of the Settlement Class.

7. No objections were received, and no members of the Settlement Class sought leave of this Court to intervene.

8. Zero members of the class elected to opt-out of this action.

9. The procedures set forth in the Settlement Agreement and the preliminary approval order for submitting claims, opting out, or objecting were fair, adequate, and reasonable.

10. The proposed settlement is fair, reasonable, and adequate and meets the requirements of Fed. R. Civ. P. 23.

11. The Settlement Agreement calls for Defendants to pay a total settlement fund of $30,000.00.

12. The Court finds that Plaintiff has secured such fund for the benefit of the Class, and that in addition to her claim as a class member she should be compensated for her service to the class by payment to her in the amount of $1,000.00 (that being the maximum amount of her individual claim), which is to be deducted from the Settlement Fund.

13. The Court finds that Class Counsel have secured such fund for the benefit of the Class, and that they should be compensated for their reasonable and necessary attorney's fees and expenses in this case by a payment of the sum of $10,000.00, which is also to be deducted from the Settlement Fund.

3

14. The remainder of the Settlement Fund is to be distributed equally among those members of the Class who file proofs of claim.

15. Any portion of the class settlement fund that is unclaimed by the Class, because the settlement check was returned as undeliverable or without a forwarding address, or because the check remains uncashed ninety (90) days after distribution, or any funds otherwise remaining after the distribution was calculated, shall be paid to Indiana Legal Services, Inc. as a *cy pres* remedy

16. The Court finds these amounts to be fair, adequate and reasonable for the following reasons, among others, (1) the individual Plaintiff and the Class are receiving, and Defendants are paying, an adequate amount of statutory damages in light of the statutory limitations on their liability; (2) there has been no admission of wrongdoing, and Defendants have not been found to have acted unlawfully; (3) furthermore, the complete lack of any objections or exclusions of class members is further evidence of the fairness, reasonableness, and adequacy of the settlement; (4) finally, the fact that the conduct complained of was not likely to have caused any actual damages to any of the Class Members is further evidence of the fairness, reasonableness, and adequacy of the settlement.

17. The Court finds the protracted settlement negotiations were conducted at arms-length and in good faith among all counsel and that the terms of the Settlement Agreement are fair, reasonable and adequate to Plaintiff and all members of the Class. In addition to the other facts stated herein, the Court finds the Settlement Agreement to be particularly fair, adequate and reasonable in light of the risk of establishing liability and the expense of further litigation.

18. Within forty-five (45) days after a judgment by the Court approving the Settlement becomes final, checks representing the distribution described above will be sent by

Defendants (or, at Defendants' sole discretion, their designated claims administrator) to those class members entitled to a distribution under the terms of the Settlement.

19.  Payment by the Defendants of the fees and costs to Class Counsel as set forth above is hereby approved as such fees are reasonable in this case.

**IT IS THEREFORE, ORDERED THAT:**

1.  The Settlement Agreement dated January 20, 2005, is hereby approved.

2.  For Ruby Lucas, her heirs, executors, administrators, successors, assigns, and attorneys, the Court hereby releases, acquits, and forever discharges National Asset Management Enterprises, Inc., its affiliate corporations Worldwide Asset Purchasing LLC and Worldwide Asset Management LLC, Law Offices of Gerald E. Moore & Associates, P.C., and all of their respective principals, partners, officers, directors, shareholders, managers, employees, agents, representatives, successors, assigns, insurance carriers, clients, and attorneys from any and all claims, actions, causes of action, demands, rights, damages, costs, attorneys' fees, expenses, and compensation whatsoever that Ruby Lucas may have against them as of the date of this order, it being the Court's intent to release all claims of any kind or nature, known or unknown, rising pursuant to contract, tort, common law, or regulation, that Ruby Lucas may have against the parties herein released.

3.  For the Class, and the Class members' respective heirs, executors, administrators, successors, assigns, and attorneys, the Court hereby releases, acquits, and forever discharges National Asset Management Enterprises, Inc., its affiliate corporations Worldwide Asset Purchasing LLC and Worldwide Asset Management LLC, Law Offices of Gerald E. Moore & Associates, P.C., and all of their respective principals, partners, officers, directors, shareholders, managers, employees, agents, representatives, successors, assigns, insurance carriers, clients, and

attorneys from any and all claims, actions, causes of action, demands, rights, damages, costs, attorneys' fees, expenses, and compensation whatsoever, which now exist or which may hereafter accrue relating to or arising out of the sending to any of the Class Members letters containing the notices required by 15 U.S.C. §§ 1692g(a) or 1692e(11), or any state law violation that is predicated upon such conduct.

4. This order expressly does not release any claims or defenses relating to the underlying debts of Plaintiff or the Class.

5. Plaintiff and the Class are forever barred and enjoined from instituting or further prosecuting, in any forum whatsoever, including but not limited to, any State, Federal, or Foreign Court or arbitration forum, against the parties released above, any causes of action, suits, claims or demands, whatsoever, in law or in equity, known or unknown at this time, which Plaintiff and the Class now have, ever had, or hereafter may have against Defendant, or any of them, arising out of or relating to the released claims. Defendants hereby agree that they shall be barred identically from pursuing any claims for relief under 15 U.S.C. § 1692k(a)(3) against Plaintiff or against any member of the Class arising out of the filing of this action.

6. The underlying debts, which Defendants were attempting to collect, via the letters at issue, are in no way affected by this judgment and nothing contained herein or in the Settlement Agreement shall prevent Defendants or their successors in interest from continuing to attempt to collect the debts allegedly owed by the Plaintiff or the Class Members.

7. Defendants shall distribute the settlement funds as described above.

8. This Court reserves jurisdiction over all matters arising out of the Settlement Agreement.

9. All claims for contribution, indemnification or reimbursement, however denominated, against Defendants arising under state or federal law, including those based in tort, contract or statute or any other body of law, in favor of persons, including any non-released persons who are asserted to be or who may be joint tortfeasors or wrongdoers with Defendants are hereby extinguished, discharged, satisfied, barred, and enjoined.

10. Except for the relief granted in this judgment, all remaining claims of the parties are hereby dismissed with prejudice and with the parties each to bear their own costs.

11. This order resolves all claims against all parties in this action.

Signed this 4 day of May, 2005.

S/Philip P Simon
_____
HON. PHILIP P. SIMON
UNITED STATES DISTRICT JUDGE